Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8024 | **DATE** | 9/3/2003 |
| **CASE TITLE** | MC DOUGALL vs. PELCHAT, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss (Doc. #8)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' Motion to Dismiss (Doc. #8) is **denied.** Defendants to answer the complaint by 9/26/03. Status hearing set for 10/15/03 at 9:30 a.m. to set discovery schedule. Enter Memorandum Opinion and Order. The Clerk of the Court is directed to reinstate defendant UPS' counsel as attorneys of record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 4 - 2003 date docketed | |
| | Notified counsel by telephone. | | | 11 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 9/3/2003 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| JHC | courtroom deputy's initials | Date/time received in central Clerk's Office | JHC6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LINDA S McDOUGALL, )
)
Plaintiff, )
)
v. ) No. 02 C 8024
)
SUSAN PELCHAT and ) The Honorable William J. Hibbler
UNITED PARCEL SERVICE, INC., )
an Illinois corporation, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Susan McDougall brings this civil action against defendants Susan Pelchat and United Parcel Service, Inc. (UPS), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. McDougall claims that defendants failed to pay for medical procedures allegedly covered under UPS's group health insurance plan. Defendants have moved to dismiss McDougall's complaint pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons below, defendants' motion is **denied.**

### I. Background

McDougall, as the spouse of a UPS employee, is insured under a UPS comprehensive health care coverage plan administered by Aetna U.S. Healthcare. The present dispute regards McDougall's efforts to obtain insurance coverage for varicose vein removal procedures. The relevant

1

facts, garnered from McDougall's amended complaint and exhibits attached thereto[1], are summarized below.

In or about September 2000, McDougall sought Aetna's authorization for varicose vein treatment on her right leg. On September 29, 2000, Aetna sent McDougall a letter authorizing a surgical procedure to disconnect and remove the offending veins from McDougall's leg. In the same letter, Aetna rejected coverage for a less invasive procedure that involved the injection of solution into the undesired veins until it could review the doctor's post-operative notes to determine if this alternate procedure was necessary.

On February 12, 2001, McDougall underwent the unauthorized solution procedure and Aetna subsequently refused the resulting insurance claim.[2] On March 22, 2001, McDougall wrote Aetna regarding its coverage denial. In this letter, McDougall claimed that her doctor's office properly submitted the required post-operative notes and medical records that would entitle her to full coverage. On May 4, 2001, Aetna replied that it had only authorized the surgical procedure, but McDougall elected the cosmetic, solution option. Aetna directed McDougall to appeal to the UPS human resources department if she disagreed with Aetna's determination.

As directed, McDougall wrote the local UPS human resource department to appeal Aetna's coverage decision. On November 5, 2001, UPS acknowledged receipt of McDougall's appeal and instructed McDougall to submit her doctor's treatment notes relating to the disputed procedure. McDougall complied with UPS's request on January 3, 2002.

On January 17, 2002, UPS wrote McDougall that it was still reviewing her appeal, but did not

---

[1] Any written instrument which is an exhibit to a pleadings is part thereof for all purposes. Fed. R. Civ. P. 10(c).

[2] It appears McDougall received some follow-up treatment on August 2, 2001.

2

address McDougall's January 3, 2002 submissions. Three months later, McDougall received a letter from Aetna restating the denial of benefits. The letter again directed McDougall to appeal with the local UPS human resources department if she disagreed with their coverage determination. On May 6, 2002, McDougall again complied with Aetna's request. On May 31, 2002, McDougall received yet another letter from Aetna restating their rationale for denying coverage, but received nothing from UPS responding to her May 6, 2002 letter. Accordingly, McDougall sent a final letter to UPS threatening legal action if she did not get a timely response. On August 1, 2002 UPS responded stating that it was sending her concerns to Aetna's appeal board. Then, on August 21, 2002, Aetna issued McDougall a third letter formally denying coverage. At this point, McDougall decided to initiate the present legal proceedings. Defendants now argue that McDougall's amended complaint fails to state a claim because McDougall has not alleged that she exhausted her administrative remedies before filing suit.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim is granted only where it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must take all well pleaded facts and allegations as true and must view them in the light most favorable to the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986). Furthermore, plaintiff is entitled to all reasonable inferences that may be drawn from the complaint. *Id.*

## III. Discussion

Defendants argue that McDougall's complaint is deficient because McDougall does not specifically allege that she exhausted her administrative remedies before filing suit. In response, McDougall insists that she followed all relevant appeal procedures before bringing suit and attaches a

3

number of letters and other exhibits documenting her efforts.

The ERISA statute is silent as to whether exhaustion of administrative remedies is a prerequisite to bringing a civil action challenging the denial of beneifts. *Kross v. Western Electric Co. Inc.*, 701 F.2d 1238, 1244 (7th Cir. 1983). The decision to require exhaustion is therefore a matter within the discretion of the trial court. *Powell v. AT&T Communications, Inc.*, 938 F.2d 823, 825 (7th Cir. 1991). Recognizing the public policy benefits that go along with the requirement of exhaustion, courts within this Circuit routinely require the plaintiff to exhaust her administrative remedies before filing suit in federal court. *See Vallone v. Heidemann*, 76 F.Supp. 2d 864, 867 (N.D.Ill. 1999)("It is generally well settled in this circuit the plaintiff must exhaust all appeal procedures before filing a lawsuit regarding a termination of benefits."). Accordingly, the Court believes that the plaintiff in this case should be required to exhaust her administrative remedies before filing suit.

A plaintiff's allegation that she has exhausted her administrative remedies is generally sufficient to withstand a Rule 12(b)(6) motion to dismiss. *Frank v. Ameritech Corp.*, No. 98 C 5506, 1999 WL 1011107 at *4 (N.D.Ill. Oct. 12, 1999); *Gerlib v. R.R. Donnelley & Sons Company*, No. 95 C 7401, 1997 WL 672645 at *4 (N.D.Ill. Oct. 27, 1997); *Sumpter v. Mack Chicago Corporation*, 918 F.Supp. 256, 259 (N.D.Ill. 1996). After carefully reviewing McDougall's submissions, the Court finds that McDougall's amended complaint sufficiently alleges exhaustion of administrative remedies. As described above, the amended complaint describes McDougall's considerable efforts to challenge defendants' coverage determination. McDougall claims that she repeatedly appealed to both Aetna and UPS, but got nowhere. McDougall further contends that she sent defendants all the requested documentation, including medical records, to support her challenges. Moreover, McDougall submits voluminous correspondence documenting her repeated attempts to appeal defendants' decision. While defendants are correct to point out that McDougall has not styled her allegations in concise,

numbered paragraphs, the Court is mindful that *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972)(per curiam); *McCormick v. City of Chicago*, 230 F.3d, 325 (7th Cir. 2000). Considering the amended complaint's factual allegations together with the attached exhibits, the Court finds that McDougall's has sufficiently alleged exhaustion.

## IV. Conclusion

McDougall has sufficiently alleged that she exhausted her administrative remedies before filing the present action. Defendants' motion to dismiss is therefore denied.

IT IS SO ORDERED.

9/3/03

William J. Hibbler
United States District Court